The Honorable Calvin Johnson State Representative 3700 West Twelfth Avenue Pine Bluff, Arkansas 71603-2522
Dear Representative Johnson:
This is in response to your request for an opinion on the following question regarding the United States Supreme Court decision in Santa FeIndependent School District v. Doe, 530 U.S. ___ (2000), which involved prayer at public school high school football games:
 Specifically, I would like to know if a district in Arkansas engages in prayer or moments of silence before or during a game, is that district in violation of the ruling as stated in the aforementioned case.
RESPONSE
The answer to your question will depend upon the facts surrounding the prayer.[1] The Court in the Santa Fe case made clear that the issue turns upon the "degree of school [district] involvement." Id. at 13. In that case, the United States Supreme Court found that the delivery of an invocation on school property, at a school-sponsored event, over the school's public address system, by a speaker representing the student body, under the supervision of school faculty, and pursuant to a school policy that explicitly and implicitly encouraged school prayer, violated the Establishment Clause of the First Amendment. The court felt that this level of school district involvement in the message "makes it clear that the pre-game prayers bear `the imprint of the State and thus put school-age children who objected in an untenable position.'" Id. at 13,quoting Lee v. Weisman, 505 U.S. at 590.[2]
The Court was careful to point out, however, that "nothing in the Constitution as interpreted by this Court prohibits any public school student from voluntarily praying at any time before, during, or after the schoolday. Id. at 21. The Court noted that "there is a crucial difference between government speech endorsing religion, which the Establishment Clause forbids, and private speech endorsing religion, which the Free Speech and Free Exercise Clauses protect." Id. at 10, quoting Board ofEducation of Westside Community Schools (Dist. 66) v. Mergens,496 U.S. 226, 250 (1990). The Court "certainly agree[d] with the distinction, but [was] not persuaded that the pregame invocations [in Santa Fe] should be regarded as `private speech.'" Id.[3]
It is clear from a reading of the Court's decision that your question cannot be answered without reference to the facts in a particular school district. "Whether a government activity violates the Establishment Clause is `in large part a legal question to be answered on the basis of judicial interpretation of social facts. . . . Every government practice must be judged in its unique circumstances. . . .'" Id. at 23, quotingLynch v. Donnelly, 465 U.S. at 693-694 (O'Connor, J., concurring).
You have not indicated any facts occurring in a particular district with regard to prayers before or during a game, asking merely if a "district" that engages in such prayers is in violation of the Court's order. The facts will be all-important and the issue will turn upon the degree of school district involvement. Even if presented with such facts, I could not, in the limited format of an Attorney General's opinion, come to definite conclusions on such a question. I am not empowered as a factfinder and such fact-intensive questions are necessarily resolvable only in a judicial forum.
It is important to point out, however, one feature of the Court's decision in Santa Fe. The Court held the Santa Fe district's policy unconstitutional even though no one had yet had the opportunity to offer an invocation pursuant to the policy.[4] The Court specifically found that "the simple enactment of this policy, with the purpose and perception of school endorsement of student prayer, was a constitutional violation." Id. at 24. "[T]he mere passage by the District of a policy that has the purpose and perception of government establishment of religion" constituted a "constitutional injur[y]." Id. at 22. Thus, although all the circumstances surrounding the activity in question must be evaluated, school districts, in consultation with respective district counsels, should be cognizant of the potential liability from the mere enactment of policies endorsing prayer at such events.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] You also inquire about "moments of silence." A "moment of silence" was not at issue in the Santa Fe case. The most recent U.S. Supreme Court decision involving the constitutionality of a "moment of silence" statute is Wallace v. Jaffree, 472 U.S. 38 (1985). In that case, the Court struck down an Alabama "moment of silence" statute where the facts showed that the purpose of its enactment was the endorsement of religion. Two justices, however, wrote separate concurring opinions emphasizing that some "moment of silence" measures can be constitutionally inoffensive.Id. Powell and O'Connor concurring. Justice O'Connor noted that the history, language and administration of a particular "moment of silence" measure must be examined to determine whether it is an impermissible endorsement of religion and thus violative of the Establishment Clause. Again, the issue will turn upon all the relevant facts and circumstances.
[2] See also, more recently, Alder, Emily, et al. v. Duval City SchoolBoard et al., (U.S. Supreme Court No. 99-1870, October 2, 2000) (granting certiorari and vacating and remanding an 11th Circuit decision upholding a policy on prayer at high school graduations similar to the one at issue in Santa Fe).
[3] The Court indicated that permissible "private speech" might occur if the school district "evince[d] . . . [an] intent to open the [pregame ceremony] to indiscriminate use . . . by the student body generally" thus creating a "limited public forum" for such speech. Id. at 11, quotingHazelwood School District v. Kuhlmeier, 484 U.S. 260, 270 (1988), quotingPerry Ed. Ass'n. v. Perry Local Ed. Ass'n., 460 U.S. 37, 47 (1983). School districts must be cognizant of the fact, however, that if such a forum is created, the school district may not discriminate or exclude speech offered within the context of that forum on the basis of the viewpoint offered. That is, access to such forum may be required to groups with viewpoints abhorrent to district officials. See generallyRosenberger v. Rector and Visitors of University of Virginia,515 U.S. 819 (1995) (requiring government neutrality in limited public forums); Lamb's Chapel v. Center Moriches School District, 508 U.S. 384
(1993) (even if public property is not a designated public forum open for indiscriminant public use, exclusions or distinctions must be reasonable and veiwpoint-neutral); and A.C.A. §§ 6-21-201 to -206 ("The Equal Access Act").
[4] The District had a previous policy that it revised into a new policy during the pendency of the litigation. The new policy was effectively enjoined during such pendency.